# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CALVIN EUGENE O'HARA,<br><br>　　　　Defendant. | Case No. 2:12-CR-00147-KJD-PAL<br><br>**ORDER** |

　　　　Presently before the Court is the Report and Recommendation (#42) of Magistrate Judge Peggy A. Leen, entered May 20, 2013. Judge Leen recommends that Defendant Calvin Eugene O'Hara's ("O'Hara") Motion to Suppress Evidence for Fourth Amendment Violation (#25) be denied. Defendant filed the Motion, the Government responded (#31), and Defendant replied (#33). Judge Leen considered these motions, as well as testimony from an evidentiary hearing held on April 25, 2013 in reaching her recommendation. Subsequently, Defendant has filed an Objection to the Report and Recommendation (#43) and the Government has responded (#50).

　　　　This Court has conducted a de novo review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2. The Court finds that the Report and Recommendation (#42) should be affirmed. However, the Court does so on a narrower and somewhat distinct ground.

///

I. Background

Defendant O'Hara is charged by Indictment (#1) with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)(A) and 924(a)(2). The indictment arises from Defendant's arrest by Las Vegas Metropolitan Police Department ("LVMPD") officers. Defendant argues that his Fourth Amendment rights were violated when he was initially seized by officers for an investigatory detention prior to arrest, and that accordingly the firearms discovered in the subsequent inventory search must be excluded as Fruit of the Poisonous Tree.

Although the parties do not agree on all of the facts, the undisputed facts are as follows. On the night in question, a resident of the Las Vegas neighborhood where the arrest occurred called 911, gave his name and telephone number, and reported the return of a suspicious vehicle. He further reported that the vehicle was Chevrolet Tahoe or four-door type Suburban, that it was backed into the cul-de-sac, and that he believed they were dealing drugs. He acknowledged that he had not seen any drugs or weapons.

Two LVMPD officers in separate squad cars responded to the call, with one officer pulling his vehicle "nose-to-nose" with the Defendant's vehicle. The Defendant's vehicle was backed against the rear of the cul-de-sac, facing the only point of egress with both rear wheels against the curb. To be clear, the vehicle was at a 90° angle to the curb, at the far end of "bowl" of the cul-de-sac. Defendant appears to concede that this positioning was "illegal" (Obj. to Rec. #43 at 6). Upon exiting their parked squad-cars, the officers immediately perceived the odor of marijuana.

From this point, there is substantial disagreement as to whether the officers drew their weapons, whether they used their spotlights, and the exact chronology of ensuing events. Further, it is unclear at what point the officers activated their overhead flashing lights.

The Magistrate Judge suggests that the officers were justified in their investigatory detention because they had reasonable suspicion. In reaching this conclusion, the Magistrate Judge relies on the 911 call, the parked position of the SUV, and the smell of marijuana the officers immediately recognized upon exiting their vehicles.

1    The question before the Court is whether the officers had reasonable suspicion to detain
2 O'Hara prior to seizing him.

3 II. Seizure Analysis

4    A "seizure" occurs whenever "a reasonable person would believe that he or she is not free to
5 leave." Martinez-Medina v. Holder, 673 F.3d 1029, 1034 (9th Cir. 2011) (internal quotation omitted)
6 citing Florida v. Bostick, 501 U.S. 429, 435 (1991). This occurs when an officer restrains the liberty
7 of a citizen by either physical force or show of authority. Id. at 434. Accordingly, "[t]emporary
8 detention of individuals during the stop of an automobile by the police, even if only for a brief period
9 and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of [the Fourth
10 Amendment]. Whren v. United States, 517 U.S. 806, 809-10 (1996). Thus, "during a traffic stop an
11 officer seizes everyone in the vehicle[.]" Brendlin v. California, 551 U.S. 249, 255 (2007). Further,
12 "where officers detain an already stationary suspect by hindering his future as opposed to ongoing
13 progress, that they did not stop the suspect as the term is commonly understood does not foreclose
14 inquiry into whether their conduct constitutes an investigatory stop." United States v. Kim, 25 F.3d
15 1426, 1431 (9th Cir. 1994).

16    Here, two separate squad cars approached defendants, one of which pulled his vehicle "nose-
17 to-nose" with O'Hara's vehicle whose rear tires were backed against the curb, effectively trapping
18 the vehicle between the officer's vehicle and the curb. No reasonable person would feel free to leave
19 in such a situation. Further, it would defy all logic and good sense to differentiate between an
20 officer's use of his body and use of his vehicle in exerting "physical force." To the extent that the
21 overhead lights were triggered, this also constitutes a show of authority. Further, it is of no moment
22 that this vehicle was already parked. Accordingly, O'Hara was seized the moment the squad-car was
23 "nose-to-nose" with O'Hara's vehicle.

24 ///
25 ///
26 ///

III. Reasonable Suspicion Analysis

    A. Legal Standard

"[P]olice can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion...that criminal activity may be afoot." United States v. Sokolow, 490 U.S. 1, 7 (1989) (internal quotation and citation omitted). Reasonable suspicion requires that officers "be able to point to specific and articulable facts which, taken together with rational inferences from those facts" suggest criminal activity. Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968). In sum, if an officer can point to specific and articulable facts which lead the officer to reasonably suspect that a person "has committed, is committing, or is about to commit a crime," the officer is permitted to briefly detain the person to investigate the provoking circumstances. Berkemer v. McCarty, 468 U.S. 420, 439 (1984).

    Accordingly, in determining whether officers had reasonable suspicion to seize O'Hara, only evidence perceived by the officers prior to seizure is relevant.

    B. The Smell of Marijuana

    The officers perceived the smell of marijuana after they exited their parked squad-cars. Because O'Hara was seized when one of the officers parked his squad-car "nose-to-nose" with O'Hara's vehicle, all evidence gathered after the officers parked their vehicles is irrelevant. Accordingly, the smell of marijuana may not serve as a ground for reasonable suspicion as to the initial investigatory detention.

    C. The Parked Position of the SUV

    The Government and the Magistrate use the "illegal" parked position of the SUV as evidence supporting reasonable suspicion. However, this fact becomes dispositive in light of United States v. Choudhry, 461 F.3d 1097 (9th Cir. 2006).[1] This Circuit has held that a traffic violation is sufficient to justify an investigatory stop, "regardless of whether (i) the violation was merely pretextual, (ii) the

---

[1] Neither Defendant O'Hara nor the Government raised this binding precedent.

stop departed from the regular practice of a particular precinct, or (iii) the violation was common and insignificant. United States v. Choudhry, 461 F.3d 1097, 1102 (9th Cir. 2006) citing Whren, 517 U.S. at 811-19. Further, this Circuit has "interpreted Whren as applying generally to traffic code violations" even if only a "civil parking violation" distinction. Choudhry, 461 F.3d at 1102.

In Choudhry, officers observed an illegally parked vehicle and illuminated it with spotlights to determine if it was occupied. Id. at 1098-99. Officers then saw "hurried movements" within the vehicle. Id. At this point, the officers turned on their emergency lights and proceeded to make an investigatory stop. Id. The officers smelled marijuana as they approached the vehicle, and marijuana was subsequently discovered, as was a gun under Choudhry's seat. Choudhry was indicted for violation of 18 U.S.C. § 922(g), possession of a firearm by a felon. Id. Choudhry filed a motion to suppress the evidence seized as a result of the stop because, among other claims, the officers lacked reasonable suspicion. Id. However, as noted above, the court held that a parking violation provides reasonable suspicion, justifying an investigatory stop, and the evidence was not excluded. Id. at 1102.

Here, the Las Vegas Municipal Code prohibits parking "in a roadway other than parallel with the edge of the roadway headed in the direction of lawful traffic movement and with the wheels of the vehicle within eighteen inches of the curb or edge of the roadway[.]" Las Vegas, NV., Municipal Code ch. 11.52.040 (1982). Further, violating this ordinance is "a misdemeanor." Las Vegas, NV., Municipal Code ch. 11.06.010 (1996).

O'Hara's vehicle was parked perpendicular to the edge of the roadway, violating the Las Vegas Municipal Code and resulting in a misdemeanor parking violation. Accordingly, reasonable suspicion existed to conduct an investigatory stop. Further, as noted above, it makes no difference whether the violation served as mere pretext, or whether the violation was "common and insignificant," all that is required is that the grounds for reasonable suspicion be specific and clearly articulable.

///

D. The 911 Call

The Court affirms and adopts the Magistrate Judge's Report and Recommendation relative to the 911 call, but notes that it merely serves to bolster the existing and sufficient reasonable suspicion based on the parking violation.

III. Conclusion

The Report and Recommendation of Judge Leen is adopted and affirmed in all other respects. Accordingly, **IT IS HEREBY ORDERED** that Magistrate Judge Peggy A. Leen's Report and Recommendation (#42) is **AFFIRMED** and adopted to the extent noted above;

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence for Fourth Amendment Violation is **DENIED**.

DATED this 12th day of August 2013.

_____
Kent J. Dawson
United States District Judge