UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>v.<br><br>CALVIN EUGENE O'HARA,<br><br>                                   Defendant. | Case No. 2:12-CR-147-KJD-PAL<br><br>ORDER |

Before the Court is Defendant Calvin Eugene O'Hara's Motion to Vacate under 28 U.S.C. § 2255 (#70). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court will order the United States to respond. 28 U.S.C. § 2255(b). Accordingly, the Court will analyze each of Defendant's claims to determine if there is conclusive evidence that he is not entitled to any relief. The Court also notes that Defendant is *pro se*, meaning that his submissions to the Court are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**I. Factual Background**

The Court accepted Defendant's plea of guilty in October 2013. The offense requires three elements: 1) the defendant knowingly possessed a firearm; 2) the defendant knew or had reasonable cause to believe that the firearm was stolen; 3) the firearm had been shipped or transported from one state to another. 18 U.S.C. § 922(j). Defendant was sentenced to the jointly recommended one hundred and twenty (120) months (#63).

**II. Claims: Ineffective Assistance of Counsel**

<u>Strickland's</u> two prongs require a defendant to establish that 1) his counsel's representation fell below an objective standard of reasonableness, and 2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Padilla v. Kentucky</u>, 559 U.S. 356, 366 (2010) <u>citing</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Further, "[j]udicial scrutiny of counsel's performance must be highly deferential. . . ." <u>Strickland</u>, 466 U.S. at 689. The Court notes that the combination of <u>Strickland's</u> high evidentiary bar with the substantial deference owed to trial counsel's strategy places a heavy burden upon Defendant.

**A. Failure to Advance "Fruit of the Poisonous Tree" Claim**

Defendant asserts that his attorney failed to advance a "fruit of the poisonous tree" claim, but Defendant is simply incorrect. Counsel for Defendant not only advanced this claim, but the claim was fully and fairly adjudicated by this Court (#53). Accordingly, the record conclusively shows that Defendant is not entitled to relief on this ground. The Court also reviewed the plea colloquy via audio recording, which contains Defendant's testimony on the record that his legal counsel had not failed to do anything Defendant asked him to do (14:32-14:45).

**B. Insufficiency of the Evidence**

Defendant contends that the Government possessed insufficient evidence to convict, making entry into a plea agreement unreasonable and his legal counsel ineffective. However, in the plea colloquy, which this Court has reviewed via audio recording, Defendant himself testified that he had discussed the Government's evidence with his legal counsel (14:05-14:32), and that he was satisfied with his legal counsel's performance (14:30-14:52). The record also demonstrates that Defendant's DNA was found on the firearm (27:11-27:20). The fact asserted by Defendant, that a co-defendant had "admitted ownership" of the stolen firearm, is irrelevant to the Government's ability to prove its case. Further, Defendant's legal counsel testified on the record that he was convinced that the Government could meet its burden of proof (29:12-29:23).

The Court recalls this proceeding, as well as Defendant's legal counsel in this matter, Mr. Paul Riddle, and finds Mr. Riddle credible as to whether the Government could meet its burden of proof. Given the evidence in the record, combined with the highly deferential standard provided in Strickland, the Court finds that Defendant is conclusively not entitled to relief on this ground.

### C. Misrepresentation of Maximum Sentence

Defendant asserts that Mr. Riddle was ineffective for representing to Defendant that the maximum sentence was fifteen years, when in reality it was ten years. Defendant is not credible, and the record conclusively demonstrates that no relief is available on this ground. Defendant testified on the record that he had read and reviewed the plea agreement with his attorney (21;03-21:14). The plea agreement lists the maximum sentence as ten years (#63). Further, this Court informed Defendant that the maximum sentence was ten years as part of the plea colloquy (17:56-18:05).[1] The Court finds on the basis of evidence in the record that Defendant is conclusively not entitled to relief on this ground.

### D. Misrepresentation Regarding Sentencing Range

Defendant asserts that his counsel was ineffective by misrepresenting the applicable sentencing guideline range. In the plea agreement, which Defendant testified on the record that he had read and reviewed with his attorney (21;03:-21:14), it plainly states that "[b]oth parties will recommend . . . the maximum statutory sentence of one hundred and twenty (120) months of imprisonment, regardless of the Sentencing Guidelines range . . . ." (#63). This same statement was made verbatim in the plea colloquy (23:15-23:52). Even if Defendant's counsel did misrepresent the applicable guideline range, it could not have changed the outcome here where all parties repeatedly made it clear that one hundred and twenty months would be the joint recommendation. The Court finds on the basis of evidence in the record that Defendant is conclusively not entitled to relief on this ground.

---

[1] The Court notes that were Defendant to proceed to trial, both parties "reasonably believed" that Defendant would be found to be an Armed Career Criminal, and therefore face a fifteen year minimum sentence upon conviction (23:15-23:52).

**III. Certificate of Appealability**

A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that Defendant "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal alterations omitted). For the reasons articulated above, the Court will not grant a certificate of appealability in this matter. In the Court's considered opinion, the issues here are not debatable, the Court could not resolve the issues in a different manner, and the questions do not deserve encouragement to proceed further.

**IV. Conclusion**

Accordingly, Defendant's Motion to Vacate under 28 U.S.C. § 2255 (#70) is **HEREBY DENIED**, and the Court will not grant a certificate of appealability.

DATED this 18th day of December 2014.

_____
Kent J. Dawson
United States District Judge