# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-147-KJD-PAL |
| Plaintiff, | |
| v. | ORDER |
| CALVIN EUGENE O'HARA, | |
| Defendant. | |

Before the Court is Defendant Calvin O'Hara's Petition for Documents Without Prepayment (#72). The Government has opposed the motion (#73), and no reply is necessary. Defendant is *pro se*, meaning that his submissions to the Court are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**I. Background**

O'Hara pled guilty in October of 2013 to Possession of a Stolen Firearm (#64). He was sentenced in January of 2014, and Judgment was entered a few days later (##68, 69). O'Hara did not appeal. However, O'Hara did file a Motion to Vacate under 28 U.S.C. § 2255 (#70) which this Court denied in full (#71). There are no pending appeals or other proceedings in this matter.

**II. Analysis**

O'Hara correctly argues that 28 U.S.C. § 753(f) permits the provision of various documents to a litigant at the taxpayer's expense. However, O'Hara fails to recognize that such

documents are provided at the taxpayer's expense only for various proceedings. The statute is quite explicit that such documents will be provided "to persons proceeding under the Criminal Justice Act," or "in habeas corpus proceedings," or "proceedings under section 2255," or "in other proceedings." 28 U.S.C. § 753(f). As no proceedings are pending before the Court, the statute does not authorize the provision of the documents O'Hara seeks.[1] Additionally, as a matter of common sense, the Court will not authorize the provision of documents at taxpayer expense where they can serve no meaningful or legitimate function.

DATED this 10th day of March 2015.

_____
Kent J. Dawson
United States District Judge

---

[1] The Court further notes that O'Hara's request comes more than ten weeks after the Court denied his § 2255 motion.